NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICHARD J. MCGRATH,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2019-2187

---

Petition for review of the Merit Systems Protection Board in No. DC-0841-18-0798-I-1.

---

Decided: May 29, 2020

---

RICHARD J. MCGRATH, Fairfax Station, VA, pro se.

DOUGLAS T. HOFFMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by JOSEPH H. HUNT, STEVEN JOHN GILLINGHAM, ROBERT EDWARD KIRSCHMAN, JR.

---

Before CHEN, HUGHES, and STOLL, *Circuit Judges.*

HUGHES, *Circuit Judge*.

Richard McGrath petitions for review of a final decision of the Merit Systems Protection Board affirming the Office of Personnel Management's decision declining to credit 87 days of military service toward his retirement annuity under the Federal Employee Retirement System. Because the Board's decision is in accordance with the law and is supported by substantial evidence, we affirm.

I

Mr. McGrath served honorably in the United States Army from July 1, 1968 to April 7, 1976. Mr. McGrath then served a total of 87 days in the Army National Guard of Connecticut between 1977 and 1978.

Mr. McGrath was subsequently employed by the U.S. Patent and Trademark Office (PTO), where he worked until he retired in 2015. When the PTO Human Relations Office calculated Mr. McGrath's active military service for purposes of estimating his Federal Employee Retirement System (FERS) annuity, the PTO included the 87 days of National Guard service. The U.S. Office of Personnel Management (OPM) later calculated Mr. McGrath's active military service for FERS and did not credit those 87 days. Mr. McGrath asked OPM to recalculate his FERS annuity to include his National Guard service. OPM responded, stating that the PTO's inclusion of his 87 days of National Guard duty was in error.

In its initial decision of March 28, 2018, OPM found that Mr. McGrath was not entitled to receive credit for his National Guard service in the computation of his FERS annuity. OPM affirmed this finding in a final decision on August 22, 2018. In that final decision, OPM stated that Mr. McGrath's National Guard service was not creditable because it was not "performed under either a 'call' by the President or an 'order' by the Secretary of State." J.A. 231.

Mr. McGrath appealed OPM's final decision to the Merit Systems Protection Board.

On June 13, 2019, the Administrative Judge affirmed OPM's final decision. *McGrath v. Office of Pers. Mgmt.*, No. DC-0841-18-0798-I-1 (M.S.P.B. June 13, 2019). In her decision, the Administrative Judge explained that service in the National Guard was ordinarily not creditable "military service" under 5 U.S.C. § 8411(c)(1), which provides such credit for "each period of military service." The statutory definition of "military service" at 5 U.S.C. § 8401(31) excludes service in the National Guard, "except when ordered to active duty in the service of the United States or full-time National Guard duty (as such term is defined in section 101(d) of title 10) if such service interrupts creditable civilian service under this subchapter and is followed by reemployment in accordance with chapter 43 of title 38 that occurs on or after August 1, 1990." The second exception, for full-time National Guard duty, applies only to service performed after August 1, 1990. The Administrative Judge found that this exception thus did not apply to Mr. McGrath's service in 1977 and 1978. Mr. McGrath does not contest this finding on appeal. The Administrative Judge then determined that Mr. McGrath's service in the National Guard also did not fit within the first exception, being ordered to active duty in service of the United States. The Administrative Judge held that, for the service to be creditable under the first exception, Mr. McGrath was required to show by a preponderance of the evidence that either he or his unit was formally called into service by the President or the Army National Guard of the United States.

The Administrative Judge's initial decision became the final decision of the Board on July 18, 2019. Mr. McGrath timely petitioned for review. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II

Our review of a decision by the Board is limited. The Board's decision may only be reversed if we conclude that it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence[.]" 5 U.S.C. § 7703(c); *see Lengerich v. Dep't of Interior*, 454 F.3d 1367, 1369 (Fed. Cir. 2006). The Board's interpretation of statutes, however, is a question of law that this Court reviews de novo. *Lengerich*, 454 F.3d at 1370.

Mr. McGrath argues that the Board misinterpreted the governing statutes when it determined under what circumstances service in the National Guard would be creditable. Specifically, Mr. McGrath argues that the Board improperly interpreted 10 U.S.C. § 12602, which concerns general compensation and benefits for members of the Army National Guard of the United States. Mr. McGrath argues that the 87 days of service at issue should be considered "in Federal service as a Reserve of the Army" under either § 12602(a)(1) or (2).

In its final decision, the Board considered § 12602 but determined that it did not relieve Mr. McGrath of the requirements set forth in 5 U.S.C. § 8401(31). That section provides definitions specific to FERS and explicitly states that creditable military service "does not include service in the National Guard except when ordered to active duty in the service of the United States." 5 U.S.C. § 8401(31).

We agree with the Board's interpretation. The provisions of 10 U.S.C. § 12602(a) do not render creditable, for purposes of FERS, National Guard service that does not fit within the exceptions provided by 5 U.S.C. § 8401(31). Section 12602 concerns benefits for reserve components of the Army. Definitions for those purposes may differ from definitions for purposes of FERS, a civil service retirement system governed by chapter 84 of Title 5. If, as Mr. McGrath

asserts, members of the Army National Guard are always deemed to be in federal service by virtue of their continuous membership in the Army National Guard of the United States, even when serving as members of the Army National Guard of a state, there could be no National Guard duty that is *not* in federal service—and § 8401(31)'s requirement that creditable National Guard service be "in the service of the United States" would be mere surplusage. *Cf.* 10 U.S.C. § 12401 ("Members of the Army National Guard of the United States and the Air National Guard of the United States are not in active Federal service except when ordered thereto under law.").

We conclude that the Board did not err in holding that Mr. McGrath must show that, for the 87 days in dispute, he was formally ordered into federal service, pursuant to Title 10, by the President or other federal authority. *Clark v. United States*, 322 F.3d 1358, 1366 (Fed. Cir. 2003) (holding that "members of the National Guard only serve the federal military when they are formally called into the military service of the United States" (citing *Perpich v. Dep't of Defense*, 496 U.S. 334 (1990))). Other courts have consistently drawn the same distinction. *See id.* at 1366–68 (collecting cases). Substantial evidence supports the Board's factual finding that neither Mr. McGrath nor his unit were formally called into federal service during the 87 days at issue.

### III

We have considered Mr. McGrath's additional arguments and find them unpersuasive. For the foregoing reasons, we affirm the Board's decision.

**AFFIRMED**

No costs.